UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES THEISLER, | ) | CASE NO. 1:07 CV 3838 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STATE OF OHIO, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On December 18, 2007, *pro se* plaintiff Charles Theisler filed the above-captioned action under 42 U.S.C. § 1983 against the State of Ohio, the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Assistant Chief Inspector Hugh J. Daley, ODRC Chief Inspector Gary Croft, First Correctional Medical, Management and Training Corporation ("MTC"), Lake Erie Correctional Institution ("LECI") Institutional Inspector "Fisher," LECI Warden Gansheimer, and LECI Medical Administrator Donna Teare. In the complaint, plaintiff alleges he was denied medical care in violation of the Eighth Amendment. He seeks monetary damages and injunctive relief.

## *Background*

Mr. Theisler was transferred to LECI on October 6, 2005. He indicates that Nurse Teare interviewed him to obtain his medical history. He states he informed her that one of his eyes

lacked an optical lens and, as a result, he is legally blind in that eye unless he uses a specific soft contact lens. Mr. Theisler contends that Nurse Teare told him his medical record contained no information concerning contact lenses, and asked him to sign a release permitting her to contact his optometrist. Mr. Theisler indicated that he did not see an optometrist, but instead gave her the name and telephone number of his ophthalmologist. He claims Ms. Teare did not contact his doctor.

Some time thereafter, Mr. Theisler requested that his wife be allowed to send contact lens cleaning solution and a lens case. He claims his requests were denied. He was told he could purchase cleaning solution from the prison commissary; however, upon attempting to make the purchase, he discovered that the commissary did not carry contact lens cleaning solution. He further states that medical department provided him with two plastic containers to use as a contact lens case. Lacking cleaning solution in which to store his lens, Mr. Theisler continuously wore his contact lens for several weeks until his eye became too irritated to continue this practice. Shortly after removal, his contact lens dried out and became unusable. He contends he has not received a replacement lens. He asserts, "Inspector Fisher and the Warden, to include [sic] the O.D.R.C. Chief Inspector, Gary Croft and Nurse Teare are responsible for ensuring that the medical staff provides [sic] adequate medical care. However, they all failed in their supervisory duties over the L.E.C.I. medical department." (Compl. at 9.) He claims Nurse Teare is responsible for arranging specialized medical care inside and outside the prison. He alleges that she failed to collect all of his medical records and did not schedule an appointment for him to see an ophthalmologist.

In addition to his claim concerning his vision, Mr. Theisler complains that he has not received adequate skin care. He indicates that he has had a history of "multiple skin problems

including precancerous and cancerous skin lesions." (Compl. at 10.) He claims he cannot be exposed to direct sun for any length of time and is therefore prevented from engaging in outdoor recreation. He alleges that the defendants "unreasonably delayed regular monitoring and treatment and [have] also failed to allow sunblock to be sent into LECI. ..." (Compl. at 10.) He also contends a type of hat that shields his skin from sun exposure was not ordered for him although prescribed by a physician.

Mr. Theisler asserts that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks compensatory and punitive damages and injunctive relief.

## *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, Mr. Theisler's claims against the State of Ohio, the ODRC, Assistant Chief Inspector Hugh J. Daley, Chief Inspector Gary Croft, First Correctional Medical, MTC, Institutional Inspector "Fisher," and LECI Warden Gansheimer are dismissed pursuant to §1915A.

As an initial matter, the State of Ohio and the ODRC are immune from suit. A State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Id.*

Moreover, it is apparent that the State of Ohio and the ODRC, as well as First Correctional Medical and MTC have been named as defendants solely because they employ the individual or individuals that made the medical decisions in question. Section 1983 does not permit a plaintiff to sue an employer on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). A plaintiff may only hold the employer liable under § 1983 for the entity's own wrongdoing. *Id.* To be found liable for the acts of an employee under § 1983, the employee must have been acting in accordance with some official policy or custom of the employer or the employer must have encouraged the specific misconduct or in some way directly participated in it. *See id.*, at 690-91; *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). There are no allegations in the complaint which reasonably suggest a custom or policy of the State of Ohio, the ODRC, First Correctional Medical or MTC which may have resulted in the deprivation of a federally protected right of the plaintiff. There is also no suggestion that any of these defendants encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

Similarly, Assistant Chief Inspector Hugh J. Daley, Chief Inspector Gary Croft, Institutional Inspector "Fisher," and LECI Warden Gansheimer are named as defendants because they did not provide favorable responses to Mr. Theisler's grievances. Responding to a grievance or otherwise participating in the grievance process, however, is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Mr. Theisler has not alleged facts to reasonably indicate that any of these defendants personally engaged in other activities which can be described as deliberately indifferent to his serious medical needs.

### *Conclusion*

Accordingly, Mr. Theisler's claims against the State of Ohio, the Ohio Department of Rehabilitation and Correction, Assistant Chief Inspector Hugh J. Daley, Chief Inspector Gary Croft, First Correctional Medical, Management and Training Corporation, Institutional Inspector "Fisher," and LECI Warden Gansheimer are dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely against Nurse Donna Teare.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
UNITED STATES DISTRICT JUDGE

Dated: 1/18/08

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.